UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO

CIVIL ACTION NO. 4:05CV-157-M

**HAYDEN ENERGY, INC.**                                                                             **PLAINTIFF**

**V.**

**ENDEAVOR ENERGY RESOURCES, L.P.**                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendant, Endeavor Energy Resources, L.P. ("Endeavor"), to dismiss the Complaint filed by Plaintiff, Hayden Energy, Inc. ("Hayden Energy"). Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's Motion to Dismiss is **DENIED**.

### FACTS

On May 15, 2001, Hayden Energy and Endeavor entered into an agreement in which Endeavor purchased from Hayden Energy the rights to drill, access, and otherwise develop oil and natural gas resources on an area of land in Breckinridge County, Kentucky. (DN 28, Attach. 2, "Acquisition Agreement"). In this agreement, Hayden Energy conveyed ownership of all its mineral leasehold interests in the land to Endeavor. (Id.). As consideration for relinquishing these property interests, Hayden Energy received a sum of money and the right to an assignment by Endeavor of a 2% Overriding Royalty Interest ("ORRI") in any and all oil and natural gas produced from the property. (Id.) Subsequently, however, and apparently at Hayden Energy's Request, Endeavor assigned the 2% ORRI, not to Hayden Energy, but to the Kevin Hayden Gift Trust (1.5%) and to Triple C Properties, LLC (.5%). (DN 28, Attach. 3, 4, 5, 6). In 2005, Hayden Energy instituted this action against Endeavor alleging that Endeavor had failed to pay the 2% ORRI, and had thereby

Case 4:05-cv-00157-JHM-ERG   Document 42   Filed 03/19/07   Page 2 of 3 PageID #: 226

committed fraud in the inducement, breach of contract, breach of the covenant of good faith and fair dealing, and fraud. (DN 40, Amended Complaint). Endeavor now seeks to have this action dismissed arguing that 1) because Hayden Energy was not the assignee of the ORRI, it is not the proper Plaintiff; and 2) Hayden Energy's claim for fraud should be dismissed because it has not alleged facts to support such a claim. (DN 28). Following this motion, the Kevin Hayden Gift Trust assigned its rights in the ORRI (apparently 1.5%) to Hayden Energy. (DN 36, Attach. 2, 3).

## DISCUSSION

The Defendant's first argument is that the Plaintiff's Complaint should be dismissed because Hayden Energy is not the real party in interest. Federal Rule of Civil Procedure 17(a) states that "[e]very action shall be prosecuted under the name of the real party in interest." The purpose of this rule is to protect a defendant from subsequent similar actions by a party actually entitled to recover, and to insure that judgment will have its proper final effect. See, e.g., Pacific Coast Agricultural Export Assoc. v. Sunkist Growers, Inc., 526 F.2d 1196 (9th Cir. 1975); White Hall Building Corp. v. Profexray Div. of Litton Industries, Inc., 387 F.Supp. 1202 (E.D. Pa. 1974). However, the rule also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed. R. Civ. P. 17(a). Further, the specific issue of whether an assignor or an assignee of an assigned claim or right is the real party in interest--giving him the right to maintain an action on the claim or right--is determined by reference to the substantive law of the state in which the federal court sits. Taylor Co. v. Anderson, 275 U.S. 431,

437 (1928). In Kentucky, an assignee is the real party in interest as to the rights assigned to him. See, e.g., Louisville & N. R. Co. v. Mack Mfg. Corp., 269 S.W.2d 707, 709 ( Ky Ct. App. 1954).

Here, it appears that when the Complaint was originally filed, the Hayden Gift Trust and Triple C properties, as assignees, and not Hayden Energy, were the real parties in interest as to claims seeking recovery of the 2% ORRI. However, within the reasonable time allowed by Fed. R. Civ. P. 17(a), the Hayden Gift Trust has reassigned its rights to 1.5% of the ORRI to Hayden Energy, and thus Hayden Energy has become the real party in interest as to any claim relating to the recovery of 1.5% of the ORRI. Additionally, as to any claims originating out of the original contract, and not the assignment, Hayden Energy has been and continues to be a real party in interest.

As to the Defendant's alternative claim that Hayden Energy's claim for common law fraud should be dismissed because Hayden Energy failed to allege that it relied upon misrepresentations made by to the Defendant to its detriment, the Court grants the Plaintiff's request for leave to file an amended complaint to remedy this deficiency.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED** and the Plaintiff is **GRANTED** leave to file an amended complaint.

cc: Counsel of Record

3